**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAILSON DE SILVA CAVALLRO,<br><br>    Petitioner,<br><br>    v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>    Respondents. | Case No. 2:26-cv-08107 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Jailson De Silva Cavallro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed an answer. (ECF No. 6.)

Petitioner, a citizen of Brazil, entered the United States on or about June 13, 2018, on a B-2 nonimmigration "Visitor for Pleasure" visa with authorization to remain in the United States for a temporary period not to exceed December 12, 2018. (ECF No. 6 at 1; ECF No. 6-1 at 1.) Petitioner remained in the country beyond December 12, 2018, without authorization. (*Id.*)

On June 10, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) On the same day, Petitioner was issued a Notice to Appear ("NTA"), initiating full removal proceedings. (*Id.*) Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (*Id.*; ECF No. 6-3.)

On July 2, 2026, Petitioner filed the Petition arguing his unlawful detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 6.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues his detention is unlawful and violates his due process rights. (*See* ECF No. 1.) Petitioner argues he has been in the country for more than two years and was detained with no notice as to why he is detained or under what statute. (*Id.* at 6.)

Petitioner argues he was not informed of what statutory authority he is detained under. (ECF No. 1) However, Respondents submit that on June 25, 2026, prior to the filing of his Petition, Petitioner received an individualized bond hearing under 8 U.S.C. § 1226(a). (ECF No. 6 at 2.) Section 1226 provides for arrest and detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Therefore, Respondents are lawfully detaining Petitioner under § 1226(a). Petitioner's argument that Respondents are detaining him without meaningful notice of the statutory authority he is detained under is meritless.

Additionally, an appeal from the determination made by an IJ may then be taken to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(f). Immigration regulations also allow for a noncitizen to request a bond redetermination if their circumstances have changed materially since their prior bond determination. 8 C.F.R. § 1003.19(e). Respondents submit that Petitioner has not appealed the immigration judge's denial of bond to the BIA, nor has he filed a motion for bond re-determination. Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, Civ. A. No. 17-34559, 2017 WL 6513345, at *3 (D.N.J. Dec. 15, 2017)

("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'" (quoting *Nepomuceno v. Holder*, Civ. A. No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012))). Therefore, to the extent Petitioner argues his rights are being violated by his detention based on his bond hearing, Petitioner has not exhausted his administrative remedies.

Accordingly, and for good cause appearing,

**IT IS** on this 24th day of July 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3